**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TANISHA SMITH, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | |
| v. | No. 24-9891 (KMW-MJS) |
| MADISON SUITES HOTEL LLC, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

THIS MATTER comes before the Court by way of Plaintiffs Tanisha Smith and her minor child's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiffs' IFP Application, Plaintiffs declare that her family's monthly income is $876.83 and her expenses total to $821.00 per month. IFP Application ¶¶ 1, 8. Plaintiff reports that she does have limited liquid assets, is currently employed, and does not report having a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff's income is meager in relation to her income and expenses, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint must be **DISMISSED** in part.[1]

Plaintiff, proceeding *pro se*, brings this action against Defendants Madison Suites Hotel LLC, Somerset County Department of Human Services, and Division of Child Protection and Permanency, alleging violations of 42 U.S.C. § 12203 (related to the Equal Opportunities for Individuals with Disabilities Act), 18 U.S.C. § 241 (a criminal statute titled Conspiracy Against Rights), and 42 U.S.C. § 1983 on the basis of religious discrimination.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

42 U.S.C. § 12203 is titled "Prohibition against retaliation and coercion," and prohibits discrimination against any individual because such an individual has opposed any act or practice made unlawful by the Equal Opportunity for Individuals with Disabilities Act, §§ 12101-12213. *See* 42 U.S.C. §§ 12201, 12203. The Court notes that Plaintiffs do not make any allegations that suggest that Plaintiff or her child have a disability, or what act or practice that Plaintiffs are opposing that have been made unlawful by the Equal Opportunity for Individuals with Disabilities

---

[1] "When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). Rule 12(b)(6) requires the complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . and a claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Love v. Township*, No. 22-3275, 2023 WL 3597674 at *4 (D.N.J. May 23, 2023) (internal citations and quotations omitted).

2

Act, or how specifically Defendants are coercing or retaliating against them. Therefore, Plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 12203, and this claim must be dismissed without prejudice.

Plaintiffs' second claim involves 18 U.S.C. § 241, which is a criminal statute that prohibits two or more people from conspiring "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution[.]" 18 U.S.C. § 241. This statute does not provide for a private right of action and must be brought through the appropriate prosecutorial authorities. Thus, Plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 241, and this claim must be dismissed with prejudice.

However, the Court notes that Plaintiff does allege a claim of religious discrimination pursuant to 42 U.S.C. § 1983. To prevail on a claim under §1983, "a plaintiff must prove that his constitutional rights were violated by someone acting under color of state law." *Rodriguez v. Fajardo*, No. 06-4996, 2007 WL 1959254 at *7 (D.N.J. Jul. 3, 2007) (internal citations and quotations omitted). "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Traynor v. Billhimer*, No. 21-7463, 2023 WL 2214178 at *6 (D.N.J. Feb. 24, 2023) (quoting *Willson v. Yerke*, 604 Fed. App'x 149, 150 n.4 (3d Cir. 2015)). A private actor can be held liable pursuant to 42 U.S.C. § 1983 if the private actor's actions were significantly encouraged by the state or the state acted as a joint participant, or where the private actor is controlled by the state or otherwise entwined with government policies or management. *See Taylor v. New Jersey*, No. 18-11310, 2020 WL 2731099 at *5 (D.N.J. May 26, 2020). The Court, construing Plaintiffs' Complaint liberally as required, ascertains that Plaintiffs assert that Defendants are violating their First

3

Amendment right to the free exercise of their religion because Defendants continue to attempt to enter Plaintiffs' room to inspect it, as well as conduct investigations related to the minor child's homeschooling, intentionally during their holy day when they are forbidden to "business" per their faith, as well as threatening to file a "fraudulent petition" in family court, in an attempt to displace the family from their current residence. Plaintiff further asserts that the private actor, Defendant Madison Suites Hotel, LLC, is acting as a joint participant with State Defendants. Thus, at this stage of the proceedings, Plaintiffs have asserted a claim pursuant to 42 U.S.C. § 1983, and this claim will be permitted to go forward.

**IT IS THEREFORE** on this 18th day of October, 2024,

**ORDERED** that Plaintiffs' Complaint is **DISMISSED IN** PART; and

**ORDERED** that Plaintiffs' claim pursuant to 18 U.S.C. § 241 is **DISMISSED WITH PREJUDICE**; and

**FURTHER ORDERED** that Plaintiffs' claim pursuant to 42 U.S.C. § 1983 **MAY PROCEED**; and

**FURTHER ORDERED** that Plaintiffs' claim pursuant to 42 U.S.C. § 12203 is **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiffs may amend their Complaint to address the deficiencies noted herein related to their claim pursuant to 42 U.S.C. § 12203 within thirty (30) days; and

**FURTHER ORDERED** that the Clerk of the Court file this Complaint along with this ORDER, and shall serve a copy of this Order upon Plaintiff by regular U.S. mail;

4

**FURTHER ORDERED** that the Clerk of Court issue a summons and the U.S. Marshal Serve a copy of the Complaint, summons, and this ORDER upon the Defendants as directed by Plaintiffs. All costs of service shall be advanced by the United States.

Hon. Karen M. Williams,
United States District Judge