**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TANISHA SMITH, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action |
| v. | No. 24-9891 (KMW-MJS) |
| MADISON SUITES HOTEL LLC, *et al.*, | **MEMORANDUM OPINION** |
| Defendants. | |

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court *sua sponte* due to Plaintiffs Tanisha Smith and her minor child ("Plaintiffs") failure to prosecute their case. For the reasons set forth below, the Court dismisses Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

The facts and procedural history of this case have been detailed at length in the Court's previous Memorandum Opinion and Order. (*See* ECF No. 3.) Accordingly, this Opinion recounts herein only those facts relevant to the pending motion. On October 17, 2024, Plaintiffs commenced this action against Defendants Madison Suites Hotel LLC, Somerset County Department of Human Services, ("SCDHS"), and Division of Child Protection and Permanency, (collectively, "Defendants"), alleging religious discrimination in violation of 42 U.S.C. § 2203; 18 U.S.C.§ 241; and 42 U.S.C. § 1983. (ECF Nos. 1, 3.) On October 28, 2024, the Court issued a Memorandum Opinion and Order screening Plaintiffs' Complaint pursuant to 28 U.S.C. 1915(e)(2)(B). Therein, the Court dismissed Plaintiffs' 18 U.S.C. § 241 claim with prejudice,

permitted Plaintiff's 42 U.S.C. § 1983 claim to proceed, and dismissed Plaintiffs' 42 U.S.C. § 12203 claim without prejudice, affording Plaintiffs thirty (30) days to amend their Complaint with respect to that claim. (ECF No. 3 at 4.)

On January 24, 2025, SCHDHS filed a Motion to Dismiss ("MTD") Plaintiffs' Complaint for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6). (ECF No. 7.) The Court, noting that Plaintiffs did not oppose the MTD or otherwise request an extension of time to do so, entered a Text Order on May 29, 2025 directing Plaintiffs to "file their brief in opposition to the pending motion, if any," within fourteen (14) days and set forth whether their delay in doing so was the result of excusable neglect pursuant to Fed. R. Civ. P. 6(b)(1)(B). (ECF No. 10.) The May 29, 2025 Text Order further cautioned that Plaintiffs failure to respond accordingly may result in dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P 16(f)(1)(C) and 41(b). (*Id.*) Plaintiffs did not respond to the Text Order, which was mailed to each Plaintiff the day it was issued. (*Id.*)

On July 9, 2025, the Court entered an Order to Show Cause ("OTSC") why the Complaint should not be dismissed for Plaintiffs' failure to comply with this Court's Order and to prosecute the action, which was served on Plaintiffs by regular U.S. mail. (ECF No. 11.) The OTSC required Plaintiffs to respond no later than July 18, 2025. To date, Plaintiffs have failed to respond to the OTSC or otherwise comply with its terms.

**II.    DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action *sua sponte* when a plaintiff fails to prosecute his case or comply with the court rules or a court order. Fed. R. Civ. P. 41(b). Local Civil Rule 41.1(a) similarly provides that the Court must *sua sponte* dismiss a case that has been pending for more than 90 days without any proceedings. L.Civ.R. 41.1(a). Generally, when deciding whether dismissal is appropriate in a case for a plaintiff's failure

to prosecute, the Court must consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012); *see also Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). Here, Plaintiffs have ignored multiple directives by this Court to prosecute their action on penalty of dismissal. (*See* ECF Nos. 10, 11.) SCHDHS has filed a motion to dismiss Plaintiffs' Complaint, which Plaintiffs have not opposed or responded to. As a result, this case has languished for more than nine months without any activity from Plaintiffs. By failing to prosecute this action and ignoring the pending MTD, Plaintiffs' own conduct has made adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the *Poulis* factors support dismissal of Plaintiffs' Complaint at this time because Plaintiffs have failed to comply with the Court's Orders and directives and have failed to prosecute the case.

The Court specifically finds that the first *Poulis* factor, Plaintiffs' personal responsibility, weighs in favor of dismissal. As recounted in the Court's prior Orders, Plaintiffs have repeatedly

3

failed to advance their case within the time allotted by the Federal Rules of Civil Procedure and the Court's Orders. Moreover, Plaintiffs have repeatedly disregarded the Court's scheduling Orders and directives to respond. (*See* ECF Nos. 10, 11.) Plaintiffs are *pro se* and "[i]t is logical to hold [the plaintiff] personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of the case, whereas a plaintiff represented by counsel relies, at least in part on his or her attorney." *Russo v. Gov't Emp. Ins. Co.*, 345 F.R.D. 65 (D.N.J. 2023) (quoting *Briscoe v. Klaus*, 538 F.3d 252 at 258-59 (3d Cir. 2008)). Thus, Plaintiffs are squarely responsible for their failure to move this case forward.

The Court also finds that the prejudice to Defendants—the second *Poulis* factor—weighs in favor of dismissal. Prejudice in this context does not mean irreparable harm, but the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. *Ware v. Rodale Press, Inc.* 322 F.3d 218, 222 (3d Cir. 2003). "Only the plaintiff can take steps to prosecute the case, and when the plaintiff does not do so, the defendant is left in limbo with the uncertainty, costs, and stress that entails." *Russo*, 345 F.R.D. at 78. As previously noted, Plaintiffs have overtly disregarded this Court's Text Order and OTSC. (*See* ECF Nos. 10, 11.) At least one Defendant has had to expend time and resources to seek dismissal of Plaintiffs' Complaint, the adjudication of which has been repeatedly delayed due to Plaintiffs' failure to comply with this Court's Orders and procedures. Courts in this district have found that prejudice is established where, as here, "Defendant[s] ha[ve] . . . been deprived of anything resembling a speedy resolution of this matter." *Clauso v. Martinelli*, No. 18-12217, 2024 WL 5202360, at *4 (D.N.J. Dec. 23, 2024).

The third *Poulis* factor also weighs in favor of dismissal given Plaintiffs' demonstrated history of dilatoriness. As previously discussed, Plaintiffs demonstrated inexcusable neglect in

their failure to request timely extensions, respond to court orders and advance their case within the ample time that Plaintiffs were afforded to do so. Plaintiffs' repeated failure to litigate their action within the deadlines set forth by the Federal Rules of Civil Procedure and the Court's Orders demonstrates their history of dilatoriness.

Similarly, the Court finds that the fourth *Poulis* factor, regarding the willfulness of the conduct at issue, also weighs toward dismissal. "[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt–Ruble v. Lord, Worrell & Richter, Inc.*, No. Civ. A. 10–4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Sys. Corp.*, No. Civ. A. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). Here, Plaintiffs' lack of court-ordered participation demonstrates that they are unable or unwilling to undertake the obligations of their lawsuit.

The fifth *Poulis* factor, effectiveness of sanctions other than dismissal, bears substantial weight in support of dismissal. Alternative sanctions, such as fines, are effective when they are likely to "spur [a party] to resume actively litigating th[e] case." *Russo*, 345 F.R.D. at 78 (citing *Jit Shi Goh v. Coco Asian Cuisine Inc.*, 2018 WL 7412833, at *3 (D.N.J. July 23, 2028), *report and recommendation adopted*, 2019 WL 861374 (D.N.J. Feb. 22, 2019)). The Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical where, as here, the plaintiff is proceeding *pro se*. *Jit Shi Goh*, 2018 WL 7412833, at 3 (citing *Emerson v. Thiel College* 296 F.3d 184, 191 (3d Cir. 2002)). In this case, Plaintiffs have filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915 (a)(1) demonstrating that Plaintiff has limited assets and income. (ECF No. 1-2.) Based on this reality, the Court finds that there is no plausible reason

to believe that a monetary sanction would cause Plaintiffs to resume actively litigating this case. Thus, the Court finds that aside from dismissal of the action, no lesser sanction would be effective. *Brisco* at 262; *see also Riley v. Sec'y Pa. Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013).

Finally, the sixth *Poulis* factor requires the Court to consider the merits of Plaintiffs' Complaint and Defendants' defenses. However, Plaintiffs' failure to respond to this Court's multiple orders, oppose the pending MTD, or otherwise communicate with the Court renders any such analysis impossible. Therefore, this factor is at best neutral, in that the Court is not in a position to assess the merits of Plaintiffs' Complaint. *See Mantill v. Soled Out JC Ltd. Liab. Co.*, No. CV 24-7233, 2025 WL 1435951, at *3 (D.N.J. Apr. 30, 2025), *R&R adopted*, No. CV 24-7233, 2025 WL 1435715 (D.N.J. May 19, 2025). "The Third Circuit has repeatedly held that district courts must balance the *Poulis* factors and that every factor need not weigh in favor of dismissal." *Id.* Here, because the majority of the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter pursuant to Federal Rule of Civil Procedure 41(b).

### III. <u>CONCLUSION</u>

For all the foregoing reasons, the Court shall dismiss Plaintiffs' Complaint with prejudice. An order consistent with this Memorandum Opinion will be entered.

Dated: July 23, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE